### HEARD, executor, *v.* CLEMENTS, executor.

Where one as legatee receives an amount in cash which is paid to him upon a check signed jointly by himself as an executor and by his coexecutor, the latter is entitled to his proportion of the usual fees for disbursing money by an executor to legatees under the will.

April 15, 1916.

Petition for direction. Before Judge Gilbert. Muscogee superior court. July 14, 1915.

*William deL. Worsley,* for plaintiff. *W. B. Short, Hatcher & Hatcher,* and *McCutchen & Bowden,* for defendant.

Beck, J. F. A. Heard and R. E. Clements were coexecutors of the last will and testament of W. L. Tillman, deceased, and as such executors they engaged in the execution of the provisions of the will, and to that end, among other duties performed by them as coexecutors, and in the order of the distribution of the assets of the estate, they paid to F. A. Heard, one of the above-named coexecutors, as his legacy under the will, the sum of $40,300. Clements claimed that he was entitled to his usual commission, to wit, 1-1/4 per cent., being one half of the commission for disbursing this legacy, while Heard, who received the legacy, insisted that if said sum was a legacy to one of the coexecutors the estate was not chargeable with any commission on the same. Heard as executor filed a petition for direction, that he might have the court's ruling upon the contention set forth above. The judge, to whom was submitted the case without the intervention of a jury, held that under the facts of the case Clements, as one of the coexecutors, was entitled to his usual commission upon the sum paid over to Heard.

We are of the opinion that the court rightly held that Clements, the coexecutor, was entitled to his commission of 1-1/4 per cent. of the amount paid to his coexecutor as legatee under the will. The money was paid over to Heard as a legatee upon the joint check of the two named executors, and the payment was thus the joint act of the two coexecutors. In the act of disbursing the money in this way Clements incurred the responsibility of an executor in disbursing money belonging to the estate, and in doing so performed one of the usual duties of an executor; and we see no reason why in the discharge of this duty and the incurring of the responsibility involved he should not be paid the usual fee.

*Judgment affirmed. All the Justices concur.*